**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-2449

PAUL BEETZ III, INDIVIDUALLY AND AS
TRUSTEE OF THE JANE AUDREY BEETZ FAMILY TRUST,

Plaintiff, Appellant,

v.

THOMAS AMBROSI, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

Paul Beetz on brief pro se.
Thomas Nicholson and Finneran & Nicholson, on brief for
appellee, Ambrosi.
Doyle C. Valley and Morrison Mahoney LLP, on brief for
appellees Bradshaw.
Joel Rosen on brief for appellee Briggs.

July 28, 2008

**Per Curiam**.  Paul Beetz, III, a Nebraska attorney acting pro se, appeals the district court's order dismissing his civil action with prejudice for failure to comply with a court-ordered filing deadline.  After careful review, we conclude that dismissing the action with prejudice on the stated ground amounted to an abuse of discretion.  See Ruiz-Rosa v. Rullan, 485 F.3d 150, 153 (1st Cir. 2007) (a district court's use of dismissal with prejudice as a sanction is reviewed for abuse of discretion).

By order dated July 17, 2007, the district court determined that Beetz's complaint failed to satisfy the pleading standards set forth in Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure and warned that the complaint would be dismissed unless Beetz filed an amended complaint that "conform[ed] to the civil rules" within thirty days.  On August 23, 2007, the district court issued an order dismissing the case with prejudice on the ground that Beetz had failed to file an amended complaint by the deadline set in the July 17 order.

Beetz filed an amended complaint on August 28, 2007, but due to some apparent docketing irregularities, the amended complaint was not entered on the electronic docket until some months later.  On August 30, 2007, the district court entered a final order of dismissal "in accordance with [the] . . . order entered on August 23, 2007."

On appeal, Beetz concedes that he did not file an amended complaint within thirty days of the July 17, 2007, order, but he contends that his amended complaint was nevertheless timely because the district court had implicitly granted an extension of the filing deadline in an electronic order entered July 30, 2007. The electronic order Beetz cites simply granted, without comment, a motion by Beetz's attorney which requested leave to withdraw as counsel as well as an extension of "at least" thirty days to file the amended complaint. Defendants argue that the court's failure to expressly address the request for an extension when it ruled on the motion should be read as an implicit denial of that relief. However, in the absence of any qualifying language or other signal of disapproval, we think that the court's order is more sensibly read as implicitly granting the motion in its entirety. The deadline for filing the amended complaint therefore would have been extended until at least mid-September, making Beetz's amended complaint, filed on August 28, 2007, timely. Whether the district court was aware that the amended complaint had been filed is unclear in light of the docketing irregularities noted above; however, since the fault for that confusion does not appear to be attributable to Beetz, the case should not have been dismissed solely for failure to comply with the original deadline.

Defendants alternatively argue that, even if the amended complaint was not untimely, the dismissal should be affirmed

because the amended complaint Beetz submitted suffered from the same defects as the original and therefore did not comply with the court's order to file an amended complaint that "conform[ed] to the civil rules." However, whether the complaint as amended is sufficient to comply with pleading requirements or to state a claim for relief are questions that must be determined by the district court in the first instance. We cannot affirm on the basis of a discretion that the district court did not exercise. Clair Recreation Center, Inc. v. Flynn, 897 F.2d 623, 624 (1st Cir. 1990).

In sum, since the district court implicitly granted an extension of time to file the amended complaint and Beetz complied with the extended deadline, we find that dismissing the case solely for failure to comply with the original deadline amounted to an abuse of discretion. Accordingly, we vacate the order of dismissal and remand to allow the district court an opportunity to assess the sufficiency of the amended complaint and to conduct any further proceedings deemed appropriate. No costs.